IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APRIL CLARK,**

        **Plaintiff,**

v.

        Civil Action 2:23-cv-4208
        Chief Judge Algenon L. Marbley
        Magistrate Judge Kimberly A. Jolson

**SPITZ LAW FIRM, LLC, et al.,**

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Spitz Law Firm LLC ("Spitz Law"), Brian Spitz, Trisha Breedlove, Greg Shumaker, and Nick Kerr.  This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2).  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a).  Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.     STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**II.    DISCUSSION**

In her complaint, Plaintiff names Spitz Law and Spitz Law attorneys Brian Spitz, Trisha Breedlove, Greg Shumaker, and Nick Kerr as defendants. (Doc. 1-1 at 2). Though the Complaint is unclear in places, Plaintiff seemingly alleges that Defendants conspired to commit grand theft of $15,028 owed to her as part of a U.S. Equal Employment Opportunity Commission ("EEOC")

2

mediated settlement agreement. (*Id.* at 3). Plaintiff says that Defendants "seized" this property "without consent" despite there being "no lien notice and no attachment" to the settlement, and then subsequently "tricked" an unspecified court. (*Id.* at 3–4). As relief, Plaintiff seeks $2.5 million from each Defendant as well as punitive damages. (*Id.* at 4).

Ultimately, Plaintiff fails to state a claim on which relief can be granted. Plaintiff alleged that Defendants violated her rights under Title VI and Title VII. (Doc. 1-2). But Plaintiff fails to state either claim with the requisite factual specificity. Plaintiff does not allege a specific violation of either Title VI or Title VII, nor can the Undersigned infer one merely from Plaintiff's allegation that Defendants interfered with dispersal of an EEOC mediated settlement agreement. See *Petrie v. Sec'y, Dep't of Veterans Affs.*, No. 2:06CV01031 (WOB), 2009 WL 366628, at *2 (S.D. Ohio Feb. 11, 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)) ("[I]n the context of private settlement agreements, the Supreme Court has held that enforcement of a settlement agreement 'is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction' . . . . Courts cite this holding as further support for the conclusion that federal jurisdiction to enforce a settlement agreement may not be found 'implicitly' in Title VII."). Therefore, Plaintiff fails to sufficiently allege these claims.

Furthermore, when asked to cite the U.S. civil statue under which she filed, Plaintiff wrote 18 U.S.C. § 2315 (sale or receipt of stolen moneys), 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States), and 18 U.S.C. § 246 (deprivation of relief benefits). (*Id.*). But these are criminal statutes; Plaintiff, as a private citizen, is not permitted to sue under a criminal statute. See *Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [plaintiff's] claim pursuant to [two criminal statutes] because [he]

3

has no private right of action under either of these criminal statutes."). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)).

Plaintiff's remaining claims—theft, conspiracy to commit grand theft, receipt of stolen property, breach of contract, and malpractice—are state law claims. (Doc. 1-2). But Plaintiff acknowledges that she and all Defendants are citizens of Ohio, so the Court lacks diversity jurisdiction over this action. (*Id.*; *see* Doc 1-1 at 1–2); *see* 28 U.S.C. § 1332(a); *Smith v. Donald*, 2:17-cv-496, 2017 WL 2619338, at *3 (S.D. Ohio June 16, 2017) (dismissing claims where a Tennessee resident sued other Tennesseans, because complete diversity did not exist between all adverse parties and the plaintiff's only remaining claims rested in state law). And because Plaintiff has not alleged a plausible basis for original jurisdiction, the Court also lacks pendant jurisdiction for the remaining claims arising under state law. *See* 28 U.S.C. § 1367(a); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting that when all federal claims are dismissed before trial, state law claims "generally should be dismissed as well"). Moreover, even were the court to consider the remainder of her claims directly, Plaintiff has failed to provide the Court with more than "labels and conclusions" that Defendants engaged in these alleged wrongs, which are not enough. *Kafele*, 161 F. App'x at 491.

At base, Plaintiff's Complaint provides insufficient factual content from which the Court could reasonably infer that Defendants violated her rights. To allow Plaintiff's claims to proceed would be to "conjure allegations" on her behalf. *Martin*, 391 F.3d at 714. In sum, she has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a), *Twombly*, 550 U.S. at 555. Plaintiff's Complaint should be **DISMISSED**.

4

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.

Date: January 25, 2024              /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE